IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CR-199 |
| | ) | |
| v. | ) | |
| | ) | MOTION TO STRIKE OR MODIFY |
| ROBERT WILLIAMS, | ) | NO CONTACT WITH "POTENTIAL" |
| | ) | WITNESS CONDITION |
| Defendant. | ) | |

Defendant, through counsel, moves to strike or clarify condition 5(g), stating:

1. At the hearing there was a paragraph in the release report referencing no contact with co-defendant. That issue was flagged and discussed with the Court and modified. There was nothing in the report suggesting no contact with *witnesses* was a necessary condition. Counsel may have missed this in discussions on that condition, but the condition at paragraph 5(g) requires avoidance of contact with "any persons who are or who may become a victim or potential witness in the subject investigation or prosecution." The Court used that form paragraph to address co-defendant contacts. No persons are identified and this condition is vague and ambiguous to Defendant and not appropriate or necessary for this Defendant. Just as an example, Defendant's wife and children might be witnesses, and contact with them would not be easily avoidable since they live together. Someone might say Defendant has been violating that condition from the moment it was entered because he left the courtroom with his wife and resides with her and their children. Further, the ability to identify a person who "*may become a potential witness*" is simply too vague. Since this is a case alleging fraud and false statements, anybody familiar with Defendant's character for honesty and truthfulness is a potential witness

for the defense because his character is in issue. Presumably, that is not the intent, but the order sits as a land mine waiting to go off.

2. Defendant has received no list from the Government of persons claimed to be within the scope of this paragraph, nor has Defendant received any discovery from which the persons might be identified. It is very common for a Defendant to speak with persons during release who may become trial witnesses, and the way this is worded is not sufficiently clear or definite to comply or avoid a non-compliance issue.

3. The Government has not replied to the defense to advise of their position on this request and this could be important to address quickly.

WHEREFORE, Defendant moves to strike paragraph 5(g) the words "or potential witness" subject to this issue being revisited at a later date if circumstances warrant. For now, the provision is too ambiguous and too broad to be enforceable and not justified by any need in this case.

/s/ Dean Stowers
Dean Stowers
Stowers & Nelsen PLC
650 S. Prairie View Drive, Suite 130
West Des Moines, IA 50266
Phone: (515) 224-7446
Fax: (515) 225-6215
Email: dean@stowersnelsen.com
ATTORNEY FOR DEFENDANT
Robert Williams